1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13   MICHAEL STARR, an individual,            Case No. CV13-2070 GHK (AGRx)

14          Plaintiff,                         **PROTECTIVE ORDER**

15   v.                                        Judge: The Honorable George H. King

16

17   MICHAEL STARS, INC., a California
     corporation,

18          Defendant.                         **NOTE CHANGES MADE BY COURT**

19

20   MICHAEL STARS, INC., a California
     corporation,

21          Counterclaimant,

22

23   v.

24   MICHAEL STARR, an individual,

25          Counter-defendant.

26
27
28

THE COURT, having considered the Parties' stipulated request for entry of a Protective Order to expedite the flow of discovery material, facilitate the prompt resolution of this case's disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure,

**HEREBY ORDERS AS FOLLOWS:**

**1.** Disclosure and discovery activity in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in **paragraph 12**, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

**2.   DEFINITIONS**

**2.1** <u>Party.</u>  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2** <u>Disclosure or Discovery Material.</u> All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3** <u>Trade Secret.</u>  Information, including a formula, pattern, compilation, program, device, method, technique, or process that: (I) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

**2.4** <u>"Confidential" Information or Items.</u>  Comprises or contains information that the Producing Party claims in good faith to constitute or relate to:

(1) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (2) sensitive business or financial information that is not publicly available and that is not expressly contained in public information, private personal information, or confidential research, development, or commercial information.

"CONFIDENTIAL" Information may include, without limitation, product information (including technical specifications, product composition information, and design specifications), research and development information (including testing documentation, market and demographic research, and product and advertising development), commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures and advertising expenditures), business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information(including compensation, evaluations and other employment information), and patent prosecution information (including present or future patent applications).

**2.5** <u>"Highly Confidential — Attorneys' Eyes Only" Information or items.</u>  Comprises or contains information that the Producing Party claims in good faith to constitute or relate to (1) proprietary research and development and/or highly sensitive technical information that is not publicly available; (2) highly sensitive business-

3

related financial, commercial or relationship information that is not publicly available and that is not expressly contained in public information; (3) trade secrets; and/or (4) unpublished patent applications (including future patent applications) and patent prosecution documents that are not available upon request from the United States Patent and Trademark Office or any other patent office.

**2.6** <u>Receiving Party.</u>  A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** <u>Producing Party.</u>  A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.8** <u>Designating Party.</u>  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

**2.9** <u>Protected Material.</u>  Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**2.10** <u>Outside Counsel.</u>  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.11** <u>In-House Counsel.</u>  Attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

**2.12** <u>Counsel (without qualifier).</u>  Outside Counsel and In-House Counsel (as well as their support staffs).

**2.13** <u>Expert.</u>  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.14** <u>Professional Vendors.</u>  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### 3.   SCOPE

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of the Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

### 4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, destroy it. If the documents were originally produced without charge, they shall be returned without charge. If they were produced at a charge, they shall be returned for the same cost. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the designating Party, the Receiving Party may destroy some or all of the Protected material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** Exercise of Restraint and Reasonable Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2** Manner and Timing of Designations. Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)(e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection only to the inspecting Party's outside attorney(s), and shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party's outside attorneys have identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other proceedings, that the Party or non-party offering or sponsoring the testimony identifies on the record as protected under the terms of this Stipulation and Order, that Party or nonparty shall, before the close of the deposition, hearing, or other proceeding, specify all protected testimony and shall further specify the level of protection asserted concerning each portion of protected testimony, be it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each

7

1  portion of testimony that is entitled to protection, and when it appears that substantial

2  portions of the testimony may qualify for protection, the Party or non-party that

3  sponsors, offers, or gives the testimony may invoke on the record (before the

4  deposition or proceeding is concluded) a right to have up to 30 days after the date of

5  mailing of the final transcript to identify the specific portions of the testimony as to

6  which protection is sought and to specify the level of protection being asserted

7  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

8  ONLY"). Only those portions of the testimony that are appropriately designated for

9  protection within the 30 day period shall be covered by the provisions of this

10  Stipulated Protective order.

11  Where, in good faith, it is anticipated by counsel for the Party or non-party who

12  is testifying that the response to a question or series of questions could qualify as

13  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, then, on

14  the record, counsel for the testifying Party or non-party shall ask all Party

15  representatives or non-parties to leave the deposition room during such testimony.

16  Upon the completion of the questioning that is believed to qualify for

17  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, all Party

18  representatives or non-parties shall be allowed to reenter the deposition room.

19  Transcript pages containing Protected Material shall be separately bound by the court

20  reporter, who shall affix to conspicuously on each such page the legend

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

22  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

23  presenting the testimony.

24  (c)  for information produced in some form other than documentary, and for any

25  other tangible items, that the Producing Party affix, in a prominent place on the

26  exterior of the container or containers in which the information or item is stored, the

27  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES

28  ONLY." If only portions of the information or item warrant protection, the Producing

8

Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential —Attorneys' Eyes Only."

(d)  Inadvertent Failures to Designate.  If any Producing Party discovers that it has inadvertently failed to designate and mark any Disclosure or Discovery Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY", the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party shall treat the disclosed Disclosure or Discovery Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS 'EYES ONLY" upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Disclosure or Discovery Material. Disclosure of such Disclosure or Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party must take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Disclosure or Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Disclosure or Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in the Order.  Inadvertent failure to designate, if corrected, does not waive the Designating Party's rights to secure protection under this Order for such material.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1** <u>Meet and Confer.</u>  Any party may contest a claim of confidentiality. Any party objecting to the designation of any Disclosure or Discovery Material as either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY", or as set forth in Paragraph 7.3(f), must give Outside Counsel for the Producing Party

written notice of its reasons for the objection. The Producing Party will then have 10 days after receipt of this notice to change the designation or respond in writing why the designation is appropriate. Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may, on a duly noticed motion, subject to L. R. 37 and in compliance with L.R. 79-5, if applicable, seek an order changing or removing the designation. The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate. The information designated as either "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or as set forth in Paragraph 7.3(f), shall remain as such until the matter is resolved by Court order or agreement of the Producing Party.

**6.2** <u>No Waiver.</u>  No Party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1** <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Protected Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Protected Material or similar confidential material.

**7.2** <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action (Ezra Brutzkus Gubner LLP for defendant and Howard Leib, Esq, PC for plaintiff), employees, co-counsel, and substitute or successor counsel of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Any party seeking to use CONFIDENTIAL information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulated Protective Order. If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent. The terms of this Stipulated Protective Order ~~shall apply to those persons in attendance at depositions and~~ shall

11

require the exclusion of persons not subject to the terms of the Stipulated Protective Order from attending that portion of the deposition at which Confidential or Attorneys' Eyes Only information is discussed. And, as set forth in Section 5.2(b) above, prior to the disclosure of Attorneys' Eyes Only information or testimony in the deposition, counsel for the testifying Party or non-party shall ask all Party representatives or non-parties to leave the deposition room during such testimony;

(g) the author and named recipients of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information;

(h) jury or trial consultants retained by a Party in this action, providing that any such consultant is not an employee of a party nor anticipated to become an employee in the near future;

(i) mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

(j) Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the vendor's ordinary operating procedure.

**7.3** Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action (Ezra Brutzkus Gubner LLP for defendant and Howard Leib, Esq, PC for plaintiff), employees, co-counsel, and substitute or successor counsel of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  the Court and its personnel;

(d) court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

(e) any person who authored and/or was an identified original recipient of the particular "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" sought to be disclosed to that deponent;

(f) Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the vendor's ordinary operating procedure;

(g) jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a Party nor anticipated to become an employee in the near future; and

(h) mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of

any materials and information provided to them in connection with being a mock juror.

Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any document or information designated as "Attorneys' Eyes Only".

## 8.   PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

If it becomes necessary for a Receiving Party's Outside Counsel to seek the assistance of any person, other than those persons referred to in Paragraph 7, and to disclose Protected Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

(a) Outside Counsel of the Receiving Party shall notify, in writing, Outside Counsel for the Producing Party, stating therein the specific Protected Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

(b) If no objection to such disclosure is made by Outside Counsel for the Producing Party within ten (10) business days of such notification, Outside Counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that Outside Counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment and Agreement to be Bound in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by Outside Counsel for the Receiving Party, with a copy forwarded to the other side, distributed upon final disposition of this action as set forth in Paragraph 4;

(c) If, within ten (10) business days, Outside Counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of

the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion, Outside Counsel for the Receiving Party shall meet and confer with Outside Counsel for the Producing Party in a good faith effort to resolve their differences.

### 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing by e-mail promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Protected Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment and Agreement to be Bound in the form shown in Exhibit A.

## 11.   UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL

If a Producing Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party, pursuant to Fed. R. Civ. P. 26(b)(5)(B). Upon receiving written notice, the Receiving Party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice.

The Producing Party shall be obligated to keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by the Receiving Party that it believes is subject to a claim of attorney-client privilege or work product immunity until the end of this action, including all appeals. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of

16

attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## 12.    FILING PROTECTED MATERIAL

In the event that counsel for any party decides to file with or submit to the Court any Protected Material, counsel shall provide written notice to the other party and shall take appropriate steps to ensure the continuing confidentiality of the Protected Material. Counsel for the party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 13.    MISCELLANEOUS

**13.1** <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2** <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party, waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3** <u>Effect of Designation on Authenticity and Admissibility.</u>  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

**13.4** <u>Continuing Jurisdiction.</u>  All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court~~, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order~~.

**13.5** <u>Counsel's Right to Provide Advice.</u>  Nothing in this Order shall bar or otherwise restrict Counsel herein from rendering advice to the Counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

**13.6** <u>No Contract.</u>  This Stipulation is agreed upon by the Parties as a means of facilitating discovery in this matter and to serve as a basis for entry by the Court of a formal Protective Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

**13.7**  <u>Additional Relief.</u>  No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.  To the extent that there are any disputes relating to the Protective Order, such as the designation of confidential documents, L.R. 37 governs the procedure for resolving such disputes unless otherwise provided herein, subject to the Judge's Rules and Orders.  In making or opposing any motion relating to the designation of Confidential Information, the party seeking to maintain a document under the Protective Order shall bear the burden of showing specific prejudice or harm if the information sought to be protected is disclosed to the public. See e.g., Byrd v. Gen'l Motors Corp., 307 F. 3d 1206, 1210-1211 (9th Cir. 2002).

**13.8**  <u>Modification.</u>  Any party to this action may, at any time, request the modification of this Stipulated Protective Order.  Such a request may be granted by the Court only after due notice and hearing, and upon a showing of good cause.  In the event any party seeks a modification of this Stipulated Protective Order, the parties shall comply with L.R. 37 to obtain a decision from the Court, subject to the Judge's Rules.  If the parties wish to file the Joint Stipulation required by L.R. 37 under seal, the parties may file a stipulation requesting an order to that effect pursuant to L.R. 79, subject to the Judge's Rules, or the moving party may file an ex parte application making the appropriate request, upon a showing of good cause in the stipulation or ex parte application.

**13.9**  <u>Effective Date.</u>  This Order shall be effective on the date of its execution by Counsel for the Parties after which the Parties may produce documents and information and designate the material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such material shall be treated in accordance with this Order by the Parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the

1  Parties shall comply with the terms of this Order until it is superseded by any

2  Protective Order or ruling by the Court.

3

4           IT IS SO ORDERED.

5

6  Dated:    May 21, 2013

7                                                    _____

8                                                    Alicia G. Rosenberg
                                                     Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

## EXHIBIT A

### UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____(print or type full name) of,

_____(print or type full address), **declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Michael Starr, an individual v. Michael Stars, Inc., a California Corporation,* Case No. CV13-2070 GHK (AGRx).** I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where signed: _____

Signed:    _____        _____

[Print Name]                    [Signature]